UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD SMOOTHMAN PERKINS, | ) |
| Movant, | ) ) ) |
| vs. | ) )  Case No. 4:05CV417 JCH |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), filed March 14, 2005. (Doc. No. 1). The matter is fully briefed and ready for disposition.

## BACKGROUND

Movant Ronald Smoothman Perkins ("Movant") was charged by Indictment with two counts of Misuse of a Social Security Account Number, in violation of Title 42, United States Code, Section 408(a)(7)(B). (Indictment (4:03CR430 JCH, Doc. No. 1)). On December 16, 2003, Movant entered a plea of guilty to Count 1 of the Indictment, pursuant to a Plea Agreement, Guidelines Recommendations and Stipulation of Facts Relative to Sentencing. (Change of Plea Proceeding (4:03CR430 JCH, Doc. Nos. 14, 16)). On November 19, 2004, the Court sentenced Movant to 27 months imprisonment, followed by two years supervised release. (Judgment (4:03CR430 JCH, Doc. No. 28)). Movant did not appeal his conviction or sentence.

On March 14, 2005, Movant filed the instant § 2255 Motion. In his motion, Movant claims he received ineffective assistance of counsel, in that counsel failed to seek his sentencing under the 2002 version of the Sentencing Guidelines, rather than the 2003 version. (§ 2255 Motion, P. 4). Specifically, Movant alleges that under the 2002 version, he would have received a three level

reduction of his Total Offense Level for acceptance of responsibility under Section 3E1.1(b), rather than the two level reduction he received under Section 3E1.1(a) of the 2003 version. (Id.).

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[1]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

## DISCUSSION

---

[1] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

As stated above, in his § 2255 Motion, Movant maintains he received ineffective assistance of counsel during the plea proceeding and at sentencing, as counsel failed to seek his sentencing under the 2002 version of the Sentencing Guidelines, rather than the 2003 version. (§ 2255 Motion, P. 4).[2] In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, to demonstrate prejudice the movant must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Upon consideration, the Court finds that with his claim of ineffective assistance of counsel, Movant satisfies neither prong of the Strickland test. First, with respect to allegedly deficient performance, the Government notes that in the plea agreement, signed by Movant and his attorney, the parties recommended that the Court use the 2002 version of the Sentencing Guidelines.

---

[2] Although Movant did not raise his claim of ineffective assistance of counsel on direct appeal, it is not subject to procedural default, as it could not have been raised on direct appeal. See United States v. Jones, 121 F.3d 369, 370 (8th Cir. 1997) (internal quotations and citation omitted) ("An ineffective assistance of trial counsel claim is usually not cognizable on direct appeal because facts outside the record generally need to be developed to resolve the claim.").

(Government's Answer to Defendant's Section 2255 Motion, ¶ 1). The Government's account is verified by the record in this matter. (Plea Agreement, P. 4 (4:03CR430 JCH, Doc. No. 16)). Under these circumstances, the Court finds Movant's attorney's actions fell within the "wide range of professionally competent assistance" sanctioned by Strickland, and thus her performance was not constitutionally deficient.

With respect to Strickland's second prong, the Court finds Movant fails to demonstrate the requisite prejudice as well. Specifically, the Court notes that under both the 2002 and 2003 versions of the Sentencing Guidelines, Section 3E1.1(b) required that in order to be eligible for the three point reduction, Movant's Total Offense Level had to be 16 or greater. Movant admits his Total Offense Level, before any reduction for acceptance of responsibility, was 12. (Memorandum Brief in Support of Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, P. 3). Movant thus was ineligible for the three point reduction under either version of the Guidelines, and so his claim of prejudice must fail. Ground 1 is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED,** and Movant's claim is **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 16th day of May, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE